UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| OTIS BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3022 |
| | ) | |
| | ) | |
| FORREST ASHBY, et al., | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on claims related to his diabetes.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court

must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Plaintiff is diabetic and has asthma. From July to December, 2011, Plaintiff allegedly experienced several episodes of extremely low blood sugar which caused him to pass out and/or behave in an erratic, destructive manner. For example, Plaintiff passed out on July 14, 2011. When he came to he was told that he had broken a window and bitten a nurse, though he had no recollection of these alleged actions. As a result of the incident, Plaintiff was disciplined and was required to wear shackles whenever he went to the health care unit. Additionally, the health care staff were forbidden from giving Plaintiff shots or otherwise assisting him with hypoglycemic episodes. For example, on one day

Plaintiff's blood sugar was 365 but the nurses refused to given him an insulin shot, per orders of their superiors.

On or about November 5, 2011, Amy Clark (not a defendant) escorted Plaintiff to the health care unit.  Plaintiff began to experience severe head pain and felt himself starting to pass out.  Since he was shackled, he tried to sit down and bring his legs through the shackles in order to avoid injury, but Clark would not let him.  He apparently passed out and suffered bruises to his arms.  Plaintiff was apparently punished for this incident as well.

On November 6, 2011, Plaintiff warned the nurses during a visit to the health care unit that he felt lightheaded and should be tested for low blood sugar.  He then passed out and hit his head and back on a scale.  No one offered him a chair or otherwise attempted to break his fall, and he could not break his own fall since his hands were shackled.

Plaintiff alleges that other residents with a history of erratic behavior during low blood sugar episodes are not shackled.  He believes he is shackled because he is black.

On December 5, 2011, a guard (Kelly Robert, not a defendant) escorted Plaintiff to a court hearing. Plaintiff told the guard that he needed to sit down and also told the judge he felt ill. Plaintiff then passed out, hitting his head on the courtroom door. No one attempted to break Plaintiff's fall or otherwise help him. Injuries from these falls have caused Plaintiff severe back pain which have prevented him from functioning normally. He has been denied treatment for his back pain and has been refused a back brace.

Plaintiff also alleges that Defendant Ashby, Tarry Williams, and Dr. Bednarz retaliated against him for filing grievances by requiring him to wear a black box when transported outside the facility.

## ANALYSIS

Plaintiff states an arguable claim for deliberate indifference to his serious medical needs by requiring him to wear shackles inside the facility, prohibiting staff from assisting Plaintiff when he needs immediate attention to prevent or treat hypoglycemic episodes, and disciplining Plaintiff for behavior attributable to hypoglycemia. The Defendants allegedly responsible for these policies and actions are Kibby,

Bednarz, Ashby, and Williams. These Defendants were allegedly on notice of a substantial risk of Plaintiff experiencing black outs and erratic behavior from low blood sugar. Their policies allegedly were instituted despite this knowledge and despite the likelihood that the policies would produce further injury and suffering to Plaintiff. Plaintiff also states an equal protection claim against Williams, Ashby and Bednarz for allegedly applying the black box to Plaintiff because of his race. Lastly, Plaintiff states a retaliation claim against Defendants Williams, Ashby, and Bednarz based on application of the black box policy to him because of his grievances.

Plaintiff seems to allege that these injuries could have been prevented if Dr. Lochard had prescribed the correct dose of diabetes medicine. He also alleges that he is not receiving treatment for his back injuries. However, he has not named Dr. Lochard as a Defendant, and no plausible inference arises that any of the named Defendants had the authority to prescribe Plaintiff medicine or other treatment.

Additionally, no plausible claim is stated against the other Defendants: Scott, McAdory, Winters, Durant, Parker, Pennock,

Ehrgott, or Daugherty. Plaintiff does not explain what these Defendants did to violate his rights. If he is suing them for following orders, that is not a constitutional claim. Some of these Defendants are former administrators, but Plaintiff does not explain their involvement, if any, in the alleged unconstitutional policies. Accordingly, at this point the case will proceed only against Defendants Kibby, Bednarz, Ashby, and Williams.

IT IS THEREFORE ORDERED:

1) The hearing scheduled for June 11, 2012, is cancelled. The clerk is directed to vacate the writ and to notify Plaintiff's detention facility of the cancellation.

2) Pursuant to its review of the Complaint, the Court finds that Plaintiff's state the following federal claims: a) a claim for deliberate indifference to Plaintiff's serious medical needs against Defendants Bednarz, Kibby, Ashby, and Williams; b) an equal protection claim against Defendants Williams, Ashby, and Bednarz; and, c) a retaliation claim against William, Ashby, and Bednarz. Plaintiff's petition to proceed in forma pauperis is accordingly granted (d/e 2).

3) Defendants Scott, McAdory, Winters, Durant, Parker, Cobb, Pennock, Ehrgott, and Dougherty are dismissed without prejudice for failure to state a claim against them.

4) The Clerk is directed to attempt service of the Complaint and this order on each Defendant pursuant to this District's internal procedures for Rushville cases.

5) If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk that Defendant's current work address, or, if not known, that Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8)  Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which said copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff

will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on August 13, 2012, at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by video conference. The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12) Plaintiff shall immediately notify the court of any change in their mailing addresses and telephone numbers. Failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

13) The Clerk is directed to notify the parties of their option to consent to disposition of this case before a United States Magistrate

Judge by providing Plaintiff with a magistrate consent form. Upon receipt of a signed consent from Plaintiff, the Clerk shall forward the consent to Defendants for consideration.

ENTERED: June 4, 2012

FOR THE COURT:

                                       <u>s/Sue E. Myerscough</u>
                                       SUE E. MYERSCOUGH
                                       UNITED STATES DISTRICT JUDGE